# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-1642V
### (Not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TONYA HOOD, | * | Special Master Oler |
| | * | |
| Petitioner, | * | Filed: July 30, 2018 |
| | * | |
| v. | * | Attorney's Fees and Costs; Good Faith; |
| | * | Reasonable Basis; Reasonable Hourly Rate; |
| | * | Duplicative Billing. |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Mark Theodore Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner.

*Robert Paul Coleman, III*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 31, 2017, Tonya Hood filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"),[2] alleging that she developed multifocal acquired demyelinating sensory and motor neuropathy as a result of, or significantly aggravated by an influenza vaccination administered to her on November 7, 2014. Petition, ECF No. 1.  I issued a Decision Denying Compensation on June 26, 2018, dismissing

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Ms. Hood's petition due to the lack of a proper plaintiff to maintain the action. *See* Decision Denying Compensation, ECF No. 26. Judgment was entered on July 27, 2018. ECF No. 30.

A Motion for Attorney's Fees and Costs ("Fees Motion," ECF No. 25) was filed on June 21, 2018. Petitioner's counsel, Mr. Mark Sadaka, requests reimbursement of attorney's fees and costs in the combined amount of $9,423.17 (representing attorney's fees in the amount of $8,801.63 and attorney's costs in the amount of $621.54). Fees Motion, Exhibit ("Ex.") A at 7-8. Although a General Order No. 9 statement was not formally filed, Petitioner's counsel affirmatively asserted that his "firm paid for all of the costs occurred in litigating this petition."[3] Certification at 6.

Respondent filed a response ("Respondent's Response") to the Fees Motion on July 2, 2018. ECF No. 27. Respondent stated that he "leaves it to the discretion of the Special Master to determine whether the statutory requirements for an award of fees and costs have been met in this case, particularly whether there was a reasonable basis for appealing the underlying Decision on entitlement."[4] *Id.* at 2 (citing *Hirmiz v. Sec'y of Health & Human Servs.*, 135 Fed. Cl. 260, 270 (2017)). Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommends that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. A reply to Respondent's response was filed on July 3, 2018. ECF No. 28.

For the reasons discussed below, I grant reimbursement of attorney's fees and costs in the combined amount of $9,386.32 (representing $8,764.78 in fees and $621.54 in costs).

I.  **Applicable Legal Standards**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013). However, a petitioner need

---

[3] Mr. Sadaka filed a "Certification In Support For Attorney's Fees and Costs" along with the Fees Motion (ECF No. 25). I will refer to such document as "Certification," and cite to the page numbers in accordance with the CM/ECF generated header. I will cite to the page numbers of the Fees Motion and its Exhibit A in accordance with the document's page numbers noted in the footer.

[4] Using my discretion to determine "whether there was a reasonable basis for appealing the underlying Decision on entitlement" (Respondent's Response at 2) is not appropriate in this case, and the holding in *Hirmiz* does not apply. The Decision Denying Compensation was issued on June 26, 2018, and Judgment entered on July 27, 2018. The allotted time for parties to file a motion for review of my decision under Vaccine Rule 23 has passed. I acknowledge Respondent's statement that he "leaves it to the discretion of the Special Master to determine whether the statutory requirements for an award of fees and costs have been met in this case" (Respondent's Response at 2), and will therefore use my discretion to determine whether Petitioner satisfies § 15(e)(1) in awarding fees and costs.

not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "[t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id*. at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *See Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has issued a Fee Schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[5]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. The application for fees and costs must "sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing. *J.W. ex rel. Wilson v. Sec'y of Health & Human Servs.*, No.

---

[5] This Fee Schedule is posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf; Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf; Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017). Moreover, counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522.

## II. Discussion

### a. Good Faith and Reasonable Basis

Respondent does not address whether these requirements are met, and leaves such determination to my discretion. Based on my review of the record and the lack of objection from Respondent, I find that this claim was brought in good faith and with a reasonable basis.

### b. Reasonable Hourly Rate

Mr. Sadaka requests the following hourly rates for attorney-level work: $376.38 per hour for work performed in 2017 and $404.19 per hour for work performed in 2018. Fees Motion at 4. Mr. Sadaka has previously been awarded the requested 2017 hourly forum rate by a special master. *See Brown v. Sec'y of Health & Human Servs.*, No. 14-235V, 2018 WL 818231 (Fed. Cl. Spec. Mstr. Jan. 18, 2018). I therefore find that Mr. Sadaka's previously awarded 2017 hourly rate is reasonable. Mr. Sadaka proposes that his 2018 hourly rate be increased to $404.19 in order to "account for inflation." Fees Motion at 4 (citing *McCulloch*, 2015 WL 5634323). Mr. Sadaka has "been admitted to practice in the Court of Federal Claims since June 10, 2005" (Certification at 7), which places his experience in the Vaccine Program to be just over 13 years. Under *McCulloch*, and the Office of Special Masters' Fee Schedule for 2018, Mr. Sadaka may reasonably receive hourly rates from $317 – $396.[6] The proposed rate of $404.19 is inconsistent with the rates reflected in the Fee Schedule for an attorney of counsel's experience. Thus, I award Mr. Sadaka, an attorney with 13 years of experience in the Vaccine Program, a rate of $396.00 per hour for work performed in 2018, which is the highest rate for attorneys with 11 to 19 years of experience. This results in a deduction of $36.86.

---

[6] *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

Mr. Sadaka requests the following hourly rates for paralegal-level work: $145.17 per hour for work performed in 2017 and $150.55 per hour for work performed in 2018. Fees Motion at 4. Such rates are reasonable as set forth in *McColloch* and the 2017 and 2018 Fee Schedules. I therefore find that the 2017 and 2018 paralegal hourly rates are reasonable.

### c. Time Expended

Time expended by Mr. Sadaka and his staff is reasonable.[7] Based on my review of the billing entries, and the lack of objection from Respondent, I will award $8,764.78 in attorney's fees.

### d. Reasonable Attorney's Costs

Mr. Sadaka requests a total of $621.54 in attorney's costs. *See* Fees Motion, Ex. A at 8. The requested costs consist of obtaining medical records, filing the claim, and mailing. Mr. Sadaka provided receipts and invoices for such costs. I therefore find the requested costs to be reasonable, and award the attorney's costs in full.

### III. Conclusion

Based on the foregoing, I **GRANT IN PART** the Motion for Attorney's Fees and Costs. I award **$9,386.32**,[8] representing reimbursement for attorney's fees and costs, in the form of a check payable jointly to Petitioner, Ms. Tonya Hood, and Petitioner's counsel, Mr. Mark Sadaka, Esq. of Mark T. Sadaka, LLC. The clerk shall enter judgment accordingly.[9]

---

[7] A review of the billing entries revealed Mr. Sadaka and his paralegal, Michele Curry, both billing for the same task on numerous occasions. *See* Fees Motion, Ex. A at 3 (Mr. Sadaka and Ms. Curry both billed for receiving and reviewing a notice of assignment); *id*. (Mr. Sadaka and Ms. Curry both billed for receiving and reviewing a notice of appearance); *id*. at 5 (Mr. Sadaka and Ms. Curry both billed for receiving a notice of reassignment); *id*. (Mr. Sadaka and Ms. Curry both billed for reviewing and receiving a Court order). Although negligible in this instance, counsel should be cognizant in the future that he should not include duplicative time entries in order to avoid a reduction in fees.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master